# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings Under Chapter 7 |
| ANGELA L. TENHOLDER<br>RANDY C. TENHOLDER | Case No. 15-32093 |
| Debtor(s). | |
| ANGELA L. TENHOLDER<br>RANDY C. TENHOLDER<br>        Plaintiff(s), | |
| v. | Adversary No. 17-03021 |
| UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE | |
| Defendant(s). | |

## OPINION

Before the Court is the motion for summary judgment filed by the United States of America, Internal Revenue Service, and the Debtors' cross motion for summary judgment. The ultimate issue before the Court is whether certain tax obligations of the Debtors owed to the IRS are dischargable. A determination of that issue involves the interaction of several sections of the Bankruptcy Code, § 6330(e) of the Internal Revenue Code and Internal Revenue Regulation 301.6330-1, as well as an application of the "flush language" found in § 507(a)(8) of the Bankruptcy Code.

Section 523(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(1)(A), excepts from discharge a tax "of the kind and for the periods specified in...... §507(a)(8)......." Section 507(a)(8) of the Bankruptcy Code, 11 U.S.C. § 507(a)(8), references a tax for which a return is last due after three years before the date of the filing of a bankruptcy petition. Located at the end of Section 507(a)(8) is the so called "flush language," which tolls the three year period for any period during which a governmental unit is prohibited under applicable non-bankruptcy law from collecting a tax

as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days. *Id.*

The "non-bankruptcy law" prohibiting the collection of the tax is found in § 6330 of the Internal Revenue Code, 26 U.S.C. § 6330, and Internal Revenue Regulation 301.6330-1, 26 C.F.R. § 301-6330-1. Section 6330 of the Internal Revenue Code and the regulation prohibit a levy to collect a tax if a taxpayer has requested a collection due process hearing. *Id.*

The pertinent facts are not in dispute. They involve the Debtors' 2011 income tax return and the collection due process hearing that was conducted as part of a determination of the amount of tax due. The Internal Revenue Service argues that they were prevented from levying to collect the tax because there was a collection due process hearing. Therefore, the "flush language" tolled the three year period and the tax is non-dischargeable. The Debtors argue that although the Internal Revenue Service could not levy during the time the collection due process hearing was pending, the Internal Revenue Service had other avenues available for the collection of the tax. Therefore, the Internal Revenue Service was not prohibited from collecting the tax and the three year period was not tolled.

In applying the "flush language," the issue is whether the Internal Revenue Service must be completely barred from collecting the tax or if a partial bar will suffice to toll the three year period. In *Console v. C.I.R.*, the 11th Circuit Court of Appeals held that the collection due process hearing prohibited the Internal Revenue Service from collecting the tax by levy and thus operated to toll the three year period of § 507(a)(8) of the Bankruptcy Code. *Console v. C.I.R.*, 291 Fed. Appx. 234 (11th Cir. 2008).

However, the Court in *Console* did not address the argument made by the Debtors, specifically, that the "flush language" of § 507(a)(8) requires all collection efforts to be prevented, not just the prevention of collection of the tax by levy. This argument was addressed by the Court in *In re Lastra*, where the Court rejected the argument and held that the Internal Revenue Service does

not have to be completely prohibited from collecting a tax in order for the three year period to be tolled. *In re Lastra*, No. 12-1188, 2012 WL 6681739 (Bankr. D.N.M. Dec. 21, 2012). Prevention of collection of the tax by levy because of a collection due process hearing was sufficient to extend the three year period of § 507(a)(8). *Id.*

      This Court agrees with the decisions in *Console* and *In re Lastra* and holds that the debt to the Internal Revenue Service for the Debtors' 2011 income tax is non-dischargable because the Internal Revenue Service's inability to collect the tax by levy during the pendency of the collection due process hearing was sufficient to toll the three year period of § 507(a)(8). See order entered this date.

ENTERED: November 20, 2017

                                            /s/ William V. Altenberger
                                          UNITED STATES BANKRUPTCY JUDGE/11